UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00054-GNS

DWIGHT E. FAULKNER,                                            PLAINTIFF

v.

LARRY DALE MARTIN, et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 21).  This matter is now ripe for adjudication.  For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

### A.    Statement of Facts

This matter arises from the arrest, prosecution, and eventual release of Plaintiff Dwight E. Faulkner ("Faulkner").  (Notice Removal Ex. 1, at ¶¶ 13-29, DN 1-1 [hereinafter Compl.]).  On December 1, 2014, Defendant Larry Dale Martin ("Officer Martin"), an officer of Defendant Horse Cave Police Department ("HCPD"), allegedly made false statements for the purpose of obtaining a warrant to search Faulkner's home.  (Compl. ¶¶ 3, 13).  This warrant was executed that same day by Officer Martin; Defendant James Roberts ("Officer Roberts"), an officer of the HCPD; and Sean Henry ("Officer Henry"), Chief of Police of the HCPD.  (Compl. ¶ 14).  While executing the search warrant, the officers allegedly planted evidence at the scene and then used this false evidence as a pretext to arrest Faulkner.  (Compl. ¶¶ 15-16).  Faulkner was subsequently criminally charged in Hart District Court, Case Nos. 14-F-00173 and 15-CR-00016.  (Compl. ¶16).  In connection with these criminal charges, the officers obtained a warrant to freeze $105,965.36 held

1

in Faulkner's bank accounts.  (Compl. ¶ 17).  These funds remained frozen until April 20, 2018, when the charges against Faulkner were dismissed.  (Compl. ¶¶ 18-19).

### B.    Procedural History

On April 18, 2019, Faulkner initiated this 42 U.S.C. § 1983 lawsuit in Hart Circuit Court, Case No. 19-CI-00075, against Officer Roberts, Officer Martin, Officer Henry, Randall Curry as the Mayor of Horse Cave, HCPD, and the City of Horse Cave (collectively, the "Defendants"). (Compl. ¶¶ 2-8).  Faulkner alleges a Section 1983 malicious prosecution claim, a state malicious prosecution claim, and a negligence claim.  (Compl. ¶¶ 30-55).  On April 30, 2019, Defendants removed the case to this Court.  (Notice Removal, DN 1).  On March 23, 2020, Officer Roberts and Officer Henry (collectively, the "Movants") moved to dismiss.  (Defs.' Mot. Dismiss, DN 21).

## II.    JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.  In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  In order to survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When considering the motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d

2

461, 466 (6th Cir. 2009)).  In other words, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  Even so, the Court need not accept a party's "bare assertion of legal conclusions."  *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted).  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

Movants put forward three arguments in their motion to dismiss:  (1) the claims against the officer defendants are duplicative of the claims against the entity defendants; (2) the Section 1983 claims for malicious prosecution are more appropriately brought under the Fourth Amendment rather than the Fourteenth Amendment; and (3) the state law claims for negligence are barred by the statute of limitations.  (Defs.' Mem. Supp. Mot. Dismiss 2, DN 21-1).  The Court will consider each of these arguments in turn.

### A.   Duplicative Claims

First, Movants contend that the claims against them in their official capacities are duplicative of the claims against their employers, the HCPD and the City of Horse Cave.  (Defs.' Mem. Supp. Mot. Dismiss 3).  Faulkner acknowledges that these claims are duplicative and does not object to their dismissal while the claims against the City of Horse Cave remain pending.  (Pl.'s Resp. Defs.' Mot. Dismiss 4, DN 24).

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 n.55 (1978).  As such, the official capacity claims against Movants are

3

really against their employers, HCPD and the City of Horse Cave, both which are also named Defendants in this action.  The claims against Movants in their official capacities are therefore duplicative of the claims against the police department and the city and are dismissed.  *See Owens v. Trulock*, No. 1:18-CV-00167-GNS-HBB, 2020 WL 376658, at *2 (W.D. Ky. Jan. 23, 2020) (citations omitted); *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799, 802 (E.D. Ky. 2013) (citing *Doe v. Claiborne Cty. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996)).  In this Court's discretion, the same fate befalls the official capacity claims against Movants based on state law.  *See Trulock*, 2020 WL 376658, at *3 (dismissing official capacity claims under state law as duplicative).

Faulkner may still, of course, pursue his Section 1983 claims against the entities and against Movants in their individual capacities.

**B.    Section 1983 Claims for Malicious Prosecution**

Second, Movants argue that Faulkner's Section 1983 malicious prosecution claims are more properly brought under the Fourth Amendment, not the Fourteenth Amendment.  (Defs.' Mem. Supp. Mot. Dismiss 5).[1]   Faulkner concedes that malicious prosecution is generally actionable under the Fourth Amendment, but he contends that the alleged actions of the officers here also violated the Fourteenth Amendment.  (Pl.'s Resp. Defs.' Mot. Dismiss 4).

"Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

---

[1] Movants also argue that Section 1983 is not itself a source of substantive rights, such that Faulkner has failed to state a claim for relief.  (Defs.' Mem. Supp. Mot. Summ. J. 5).  This proposition on its face is, of course, correct.  *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979) ("[I]t remains true that one cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.").  Yet, it has no bearing on the case at hand because Faulkner does not merely allege violations of Section 1983; rather, he has specifically alleged violations of his rights under the Fourth and Fourteenth Amendments.

generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Movants are correct that malicious prosecution claims are generally actionable under the Fourth Amendment. *See Smith v. Williams*, 78 F.3d 585, 1996 WL 99329, at *4 (6th Cir. 1996) (dismissing a malicious prosecution claim based on the Fourteenth Amendment as more properly considered under the Fourth amendment.).

Faulkner contends, however, that his allegation that Defendants "falsely planted evidence" is actionable under the Fourteenth Amendment under *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019). (Pl.'s Resp. Defs.' Mot. Dismiss 4; Compl. ¶¶ 15-16). In *Jackson*, the Sixth Circuit stated that the "Due Process Clause of the Fourteenth Amendment is also 'violated when evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury.'" *Jackson*, 925 F.3d at 815-16 (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 737 (6th Cir. 2006)). As stated, Faulkner has pleaded both that Movants fabricated evidence and that this fabrication of evidence violated his right as guaranteed under the Fourteenth Amendment. (Compl. ¶¶ 15-16, 38). Faulkner has, therefore, sufficiently stated a claim under the Fourteenth Amendment for fabrication of evidence, not just a malicious prosecution claim under the Fourth Amendment. *See Morris v. Boyd*, 238 F.3d 422, 2000 WL 1720621, at *3 (6th Cir. 2000) ("A claim of fabricated evidence is a constitutional tort distinct from malicious prosecution . . . ." (citation omitted)); *see also Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016), *as amended* (Sept. 16, 2016) ("[A]n acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors under the due process clause of the Fourteenth Amendment if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged."); *Madden v. Calvert*, No. 1:16-

CV-147-GNS, 2017 WL 374918, at *3 (W.D. Ky. Jan. 25, 2017) (allowing the plaintiff's claim of fabrication of evidence "in violation of the due process and equal protection clauses of the Fourteenth Amendment" to proceed); *McCauley v. Mayer*, No. 3:13-CV-2115, 2015 WL 413805, at *7 (N.D. Ohio Jan. 30, 2015) (same).

To conclude that Faulkner's Fourteenth Amendment allegations fail merely because they fall under the malicious prosecution subheading of the Complaint would be to exalt form over substance. Faulkner's claims may proceed under both the Fourth Amendment and the Fourteenth Amendment.

### C.     Statute of Limitations

Movants next contend that Faulkner's state law claim for negligence is barred by the statute of limitations. (Defs.' Mem. Supp. Mot. Dismiss 6). A federal court evaluating a state law claim must apply the statute of limitations law of the forum state. *Curtis v. State Farm Fire & Cas. Co*., 617 F. App'x 517, 518 (6th Cir. 2015). In Kentucky, a state law action for negligence that causes personal injury is subject to a one-year statute of limitations, KRS 413.140(1)(a), and an action for negligence that causes damage to personal property is subject to a two-year statute of limitations, KRS 413.125. *See Newberry v. Serv. Experts Heating & Air Conditioning*, LLC, 806 F. App'x 348, 356 (6th Cir. 2020). Generally speaking, a claim accrues for limitations purposes when a defendant's "conduct causes injury that produces loss or damage." *Abel v. Austin*, 411 S.W.3d 728, 736 (Ky. 2013) (citations omitted). Alternatively, "the statute begins to run on the date of the discovery of the injury, or from the date it should, in the exercise of ordinary care and diligence, have been discovered." *Hackworth v. Hart*, 474 S.W.2d 377, 379 (Ky. 1971).

In the present case, Defendants allegedly wrongfully searched Faulkner's home, planted evidence, arrested him, and then had him falsely charged—all in December 2014. (Compl. ¶¶ 13-

16).  This action was not initiated in Hart Circuit Court until April 18, 2019.  As such, regardless of whether KRS 413.140 or KRS 413.125 is applied, Faulkner's negligence claims are barred by the statute of limitations.  Faulkner concedes this point, and his negligence claims against Officer Roberts and Officer Henry are thereby dismissed.  (Pl.'s Resp. Defs.' Mot. Dismiss 4).

**V.**   **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 21) is **GRANTED IN PART** and **DENIED IN PART**.  Faulkner's official capacity claims and negligence claims against Movants are dismissed.  All other claims may proceed.

Greg N. Stivers, Chief Judge

United States District Court

July 8, 2020

cc:    counsel of record