UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00054-GNS-HBB

DWIGHT E. FAULKNER                                                                                           PLAINTIFF

v.

LARRY DALE MARTIN, II; JAMES ROBERTS;
SEAN HENRY; HORSE CAVE POLICE DEPARTMENT;
RANDALL CURRY; and CITY OF HORSE CAVE, KENTUCKY                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss (DN 62) and Defendant's Motion to Redocket (DN 64). The motions are ripe for adjudication. For the reasons below, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED**.

I.   **SUMMARY OF THE FACTS**

Plaintiff Dwight E. Faulkner initiated this action against Defendant Sean Henry ("Henry"), who was employed as the Chief of Police of Defendant Horse Cave Police Department ("HCPD"), and others. (Compl. ¶¶ 4, 7-8, 13-29, DN 1-1). The parties ultimately sought resolution through mediation. (Order, DN 58).

The mediator reported that the parties reached a settlement agreement. (Report 2, DN 59). As such, the action was dismissed pending a proposed agreed order for dismissal with prejudice, providing that motions to redocket would be heard if the settlement was not consummated. (Order, DN 60). Henry objected to the settlement. (*See* Order 3, DN 61).

A proposed agreed order was not feasible given these objections, so Plaintiff instead moves to dismiss the action with prejudice. (Pl.'s Mot. Dismiss, DN 62). Henry responded with a motion

to redocket the action, arguing that he did not consent to the settlement and that he might, but has yet to, assert cross- or counterclaims. (Def.'s Mot. Redocket, DN 64).

## II.     JURISDICTION

The Court maintains federal question subject-matter jurisdiction over this action and exercises supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1367(a).

## III.    DISCUSSION

Settlement agreements are "contract[s] binding on, and enforceable by, the parties just like any other contract," and courts possess "broad, inherent authority and equitable power" to enforce them. *Smith v. HPR Clinic, LLC*, 836 F. App'x 431, 432 (6th Cir. 2021); *Therma-Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (internal quotation marks omitted) (citation omitted). However, the court must first "conclude that [an] agreement has been reached on all material terms" under Kentucky law. *Glidden Co. v. Kinsella*, 386 F. App'x 535, 540 (6th Cir. 2010) (internal quotation marks omitted) (citation omitted); *Bamerilease Cap. Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (explaining that settlement agreements are governed by the law of the state where it was made).

There is no dispute that Plaintiff settled his claims with Defendants' insurance carrier—Kentucky League of Cities Insurance Services ("KLCIS")—and signed a release of his claims against all Defendants, including Henry. (*See* Pl.'s Mot. Dismiss; Def.'s Mot. Redocket; Def.'s Resp. Pl.'s Mot. Dismiss 2, DN 67). The question instead is whether KLCIS had the authority to settle the claims without Henry's consent. (Def.'s Resp. Pl.'s Mot. Dismiss 1, DN 71 [hereinafter Henry's Resp.]). Henry does not contest that Plaintiff's release applies to him in the event KLCIS has the requisite authority.

2

HCPD has provided the relevant Law Enforcement Liability Policy (the "Policy") between the City of Horse Cave and KLCIS. (*See* Defs.' Resp. Def.'s Mot. Redocket Ex. A, DN 66-1 [hereinafter Policy]). The Policy provides that the City of Horse Cave and its employees are the insured parties, and KLCIS "will have the right and duty to defend any 'Suit' seeking covered damages" with the authority to "investigate and settle any claim or 'Suit' at [its] discretion . . . ." (Policy 1, 6, 14). The Policy further states that KLCIS maintains "the right to settle any 'Claim' without the consent of the 'Member,'" although "Member" does not appear to be specifically defined. (Policy 7). Regardless, the remaining provisions do not require KLCIS to obtain consent from an insured party prior to settling claims.

Kentucky's highest court[1] has recognized that "the insurer may effect any compromise and release of the claim or suit of a third person it considers just and advantageous, provided in doing so it acts in good faith," which is supported by "the standard liability insurance policy ordinarily giv[ing] the insurer the right to make such investigation, negotiation and adjustment of any claim or suit it deems necessary . . . ." *Bratton v. Speaks*, 286 S.W.2d 526, 527 (Ky. 1956); *cf. Bottoms v. Bottom*, 880 S.W.2d 559, 561 (Ky. App. 1994) (acknowledging that *Bratton* "is still the law in Kentucky."). An insurer acting in good faith is permitted to act independently, and "not [be] required to consult the interest of the insured to the exclusion of its own interest," when deciding whether to settle claims against an insured party. *Bratton*, 286 S.W.2d at 527; *Am. Sur. Co. of N.Y. v. J. F. Schneider & Son, Inc.*, 307 S.W.2d 192, 195 (Ky. 1957), *overruled on other grounds by Manchester Ins. & Indem. Co. v. Grundy*, 531 S.W.2d 493 (Ky. 1975); *see Am. Sur. Co. of N.Y.*, 307 S.W.2d at 196 ("So long as it acts in good faith, considering the interest of the insured as well

---

[1] The parties do not question that Kentucky law governs this dispute over a contract and claims among Kentucky residents.

as its own, and not capriciously, an insurer cannot be required to settle a case rather than to litigate a doubtful issue or to bear the financial burden imposed on the insured if ultimate liability should exceed the policy limit." (citation omitted)); *cf. Am. Physicians Assurance Corp. v. Schmidt*, 187 S.W.3d 313, 317 (Ky. 2006) (citing *Am. Sur. Co. of N.Y.*, 307 S.W.2d at 195, and other cases when referring to "the usual case in which the policy gives the insurer absolute control over settlement"). Notably, "the insured should not be bound by any agreement of which he had no knowledge and to which he did not give his consent, affecting a claim he might have against a third party . . . ." The settlement reached by the parties in this instance, however, had no impact on any third-party claims, nor could it because no such claims were asserted by Henry. *Bratton*, 286 S.W.2d at 528; (Henry's Resp. (asserting that KLCIS must defend and indemnify him)).

Henry argues that KLCIS acted in bad faith by settling the claims, as KLCIS purportedly made a self-serving business decision against his best interests of vindication by trial. (Henry's Resp. 1). KLCIS' decision to settle the claims, even if self-serving, does not amount to bad faith: there is no suggestion that Henry is somehow prejudiced by the dismissal of the claims asserted against him by Plaintiff. Henry also claims the settlement creates an impression he acted wrongfully or illegally. (Henry's Resp. 1). To the contrary, Plaintiff has released all such claims against Henry without any finding of fault or wrongdoing by him. Further, Kentucky law recognizes that "a voluntary payment in settling a claim is 'not necessarily an admission' of liability[,] [and] '[m]any disputed claims are settled for a variety of reasons without any admission of actual liability.'" *Ky. Nat'l Ins. Co. v. Lester*, 998 S.W.2d 499, 504 (Ky. App. 1999) (internal citation omitted) (citation omitted)).

Henry opposes dismissal of the action, "unless the Plaintiff[] [is] willing to acknowledge, on the record, that the claims against him are baseless and dismissal of the claims against him is

4

sought for that reason." (Henry's Resp. 2). Given that Henry did not assert any claims in this action against Plaintiff or any third parties, his stated desire for some remedy at this point is unfounded. Even if Henry now wishes to bring cross- or counterclaims to "clear his name", the deadline for amending his pleadings has long since expired. (*See* Agreed Order 1, DN 54). Henry has not explained any basis for these potential claims, nor has he demonstrated any justification for his failure to seek timely amendment of his pleadings to assert claims for "vindication." Therefore, Henry's motion to redocket is denied.

Accordingly, Plaintiff moves to dismiss the action with prejudice, as an agreed order of dismissal was unattainable. (Pl.'s Mot. Dismiss). Henry's opposition to the motion only stems from arguments discussed above, and the issue of dismissal with or without prejudice was not mentioned.[2] (Henry's Resp.). Fed. R. Civ. P. 41(a)(2) provides that courts may dismiss the action upon a plaintiff's request. Dismissal of an action without prejudice is in error when the nonmovant "would suffer 'plain legal prejudice' as a result," and courts consider several factors to determine whether prejudice exists: the nonmovant's trial preparation effort and expenses; the plaintiff's excessive delay and lack of diligence in prosecuting the action; an insufficient explanation for dismissal; and whether the defendant has moved for summary judgment. *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). These factors favor dismissal with prejudice, as the parties have settled the claims after considerable litigation. Moreover,

---

[2] In his motion, Plaintiff cites Fed. R. Civ. P. 41(b) when requesting the Court dismiss the action with prejudice, which he later concedes was a typographical error and clarifies that the motion is made pursuant to Fed. R. Civ. P. 41(a)(2). (Pl.'s Mot. Dismiss 1; Pl.'s Reply Mot. Dismiss 1, DN 73). Rule 41(b) governs involuntary dismissals against a plaintiff, while Rule 41(a)(2) governs a plaintiff's voluntary dismissal by court order. The Court declines to deny the motion on this error alone, notwithstanding Henry's insistence, as Plaintiff's requested relief was clear despite the misstatement.

5

dismissal with prejudice would foreclose Plaintiff from seeking any future recovery from Defendants, including Henry. Thus, Plaintiff's Complaint is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss with Prejudice (DN 62) is **GRANTED**, and Defendant's Motion to Redocket the Action (DN 64) is **DENIED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

April 11, 2023

cc: counsel of record